UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERBERT MARTINEZ,

    Plaintiff,

v.                              Case No. 8:14-cv-2645-T-33AEP

AL NIENHUIS and BRAD KING,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On October 20, 2014, Herbert Martinez initiated this action against Al Nienhuis and Brad King, setting forth various claims of malicious prosecution. (See Doc. # 1). Upon review of the Complaint, the Court determines that it lacks subject matter jurisdiction over this matter.

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent

obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Construing Martinez's Complaint liberally due to his *pro se* status, the Court reaches the inescapable conclusion that this Court lacks subject matter jurisdiction over this action.

As an initial matter, it is unclear as to whether Martinez brings his malicious prosecution claims under state law or federal law. However, the Court notes that in his Complaint, Martinez makes a single reference to 42 U.S.C. § 1983 and argues that this Court has jurisdiction as "[t]his claim is based on a Federal Question as to the rights enjoyed by all U.S. Citizens." (Doc. # 1 at 2). Although Martinez references 42 U.S.C. § 1983, a mere reference to federal law

2

is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991).

> 42 U.S.C. § 1983 provides, in relevant part:
>
> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

"To state a cause of action under section 1983, [a][p]laintiff must allege: (1) that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law." Ridley v. Stewart, No. 3:07-cv-1173-J-16JRK, 2008 WL 876960, at *3 (M.D. Fla. Mar. 27, 2008) (citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)). Specifically, "to establish a federal malicious prosecution claim under § 1983,

a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004)(citing Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003), cert. denied, 540 U.S. 879 (2003)).

In this case, far from asserting a substantial federal claim, Martinez makes a conclusory allegation that this action is brought "[p]ursuant to 1983." (See Doc. # 1). Likewise, Martinez has failed to adequately demonstrate the necessary elements giving rise to federal question jurisdiction, particularly, federal malicious prosecution. To that end, the Complaint is devoid of any allegation concerning a violation of Martinez's Constitutional rights; most relevant, his Fourth Amendment right to be free from unreasonable seizures. The Court has no obligation to hypothesize a federal claim, even considering Martinez's *pro se* status. See Gibbs v. United States, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action."(internal quotation omitted)).

Accordingly, this Court determines that it lacks subject matter jurisdiction over this action. As a result, this Court dismisses this case without prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Complaint (Doc. # 1) is dismissed without prejudice.

(2) The Clerk is directed to terminate any pending motions and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record